Argued and submitted January 20, reversed and remanded for new trial June 28, 1989

STATE OF OREGON,
*Respondent,*

*v.*

BONNIE JEAN MOYA,
*Appellant.*

(C87-05-32880; CA A48903)

775 P2d 927

Jane E. Ellis, Portland, argued the cause and submitted the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992. She assigns as error the trial court's denial of her motion to suppress evidence, arguing that the police stopped her and searched her purse without reasonable suspicion that she had committed a crime.[1] ORS 131.615. We reverse and remand.

At 6:00 p.m. Officers Barnes and Keating were patrolling the area near the Arlington Hotel in Portland's Old Town in marked police cars. Barnes testified that the hotel is nicknamed "Heroin Hotel," because it is an area of intense drug trade, and that persons who have purchased drugs inside the hotel often consume them nearby in parked cars or in the Park Blocks. The officers saw defendant sitting in a car with Washington license plates parked across the street from the hotel and commented to each other that they had seen her in the area before. Keating told Barnes that four days earlier he had seen her driving or parked by the hotel, after which she had driven to the North Park Blocks.

As the officers pulled alongside defendant from the opposite direction, they saw her looking at something in her hands or lap. According to the officers, she looked surprised to see them and appeared to move the object from her lap into a purse, then to push the purse to her right onto the console. However, they could not see the object or her hands, which were below the level of the window. Barnes reported that when he got out of his patrol car and asked defendant, "What are you doing?" and "What's in the purse?," she replied, "Nothing. It wasn't even in my purse." He then seized and searched the purse, where he found cocaine.

The parties agree that a stop occurred. The issue, therefore, is whether Barnes reasonably suspected at that time that defendant was engaged in criminal activity. ORS 131.615; *State v. Greer,* 93 Or App 409, 412, 763 P2d 158 (1988). The state argues that the stop was justified, because it occurred in an area notorious for drug trafficking, defendant

---

[1] Defendant also argues that the officers' search of her purse was an illegal frisk under ORS 131.625. Because of our disposition of the case, we do not address that issue.

had been seen there before, she made furtive movements consistent with drug activity and, when asked about her purse, tried to disassociate herself from it. We hold that those facts do not support a reasonable suspicion that she was involved in illegal drug activity.

A stop cannot be justified solely on the basis of an officer's intuition, but must be supported by specific, articulable facts. ORS 131.605(4); ORS 131.615(1); *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977). In *State v. Butkovich,* 87 Or App 587, 743 P2d 752, *rev den* 304 Or 548 (1987), an officer saw a car occupied by two people parked in the drive-up lane of a closed fast food restaurant at 2:00 a.m. Because he was aware of recent burglaries in the area, he approached the car; one passenger looked surprised to see him, then bent over for several seconds and apparently put something under the seat. After ordering everyone out of the car, the officer reached under the seat and found cocaine. We reasoned that there was nothing inherently suspicious about sitting in a vehicle in a parking lot at odd hours and that, without some evidence that a crime has in fact occurred, a surprised look and furtive movement do not support a reasonable suspicion of criminal activity. We therefore held that the stop was illegal. 87 Or App at 591; *see also State v. Greer, supra.*

The facts in this case are even less suspicious than those in *Butkovich.* Although extensive drug activity may occur in and around the Arlington Hotel, it is located in an area containing many legitimate businesses. Defendant was not seen entering or leaving the hotel; she was simply parked on the public street next to it. There is nothing inherently suspicious about parking in or "frequenting" such an area. The location of defendant's car and her earlier presence in the area may have assumed heightened significance had the officers noticed any other indications of likely criminal activity. However, the officers did not see any drugs or drug paraphernalia before stopping her. There is nothing remarkable about examining something in one's hands, appearing startled at a sudden confrontation with the police or denying the suggestion that one is involved in wrongdoing. When all is said and done, police suspected defendant for simply being where she was. That is an insufficient basis for a stop.

Reversed and remanded for a new trial.