Argued and submitted February 27, affirmed April 3, reconsideration denied May 29, petition for review denied June 20, 1991 (311 Or 432)

CITY OF PORTLAND,
*Respondent,*

*v.*

Matthew Von Wajdky PRICE,
*Appellant.*

(DA 401855; CA A64267)

808 P2d 726

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for carrying a loaded firearm. Portland City Code § 14.32.010.[1] He assigns as error the trial court's denial of his motion to suppress evidence, arguing that the police officers lacked reasonable suspicion to believe that he had committed a crime. ORS 131.615(1). We affirm.

On August 7, 1989, Multnomah County Deputy Sheriff Brown was in plain clothes and off duty when he went to breakfast at a Denny's Restaurant in Portland. Brown saw defendant walk into the restaurant wearing a shoulder holster with a firearm in plain view. Brown called for uniformed officers to investigate, and two Portland Police Officers responded. When they entered the restaurant, they could see defendant wearing the gun. They approached defendant and asked him to place his hands on the table. He complied, and then the officers asked him if the gun was loaded. When he said that it was loaded, the officers arrested him.

The state does not dispute the trial court's finding that defendant was "stopped" when he was asked to put his hands on the table. ORS 131.605(5).[2] Thus, the only question is whether the officers had the requisite reasonable suspicion to justify making the stop. Did the officers reasonably suspect that the gun then being carried by defendant was loaded, in violation of the ordinance?

Defendant argues that, because simply carrying an exposed weapon is not a crime and because he did not act in a threatening manner, there were no objective, observable facts to permit the officers to reasonably suspect that the gun was loaded. He contends that the officers improperly relied only on their instincts and experience in stopping him. *See State v. Moya,* 97 Or App 375, 378, 775 P2d 927 (1989).

---

[1] PCC § 14.32.010(c) provides:

"It is unlawful for any person on a public street or in a public place to carry a firearm upon his person, or in a vehicle under his control or in which he is an occupant, unless all ammunition has been removed from the chamber and from the cylinder, clip, or magazine."

[2] ORS 131.605(5) provides:

"A 'stop' is a temporary restraint of a person's liberty by a peace officer lawfully present in any place."

A reasonable suspicion is a belief that is "reasonable under the totality of the circumstances existing at the time and place the peace officer acts [to stop a person.]" ORS 131.605(4). Here, it was reasonable for the officers to suspect that defendant carried the holstered gun for use and would not carry it on his person unless it was loaded and ready for use. Defendant's argument that there was nothing remarkable about his behavior is untenable. Carrying a holstered weapon in open view in a public place is an exceptional and noteworthy happening. On the basis of what they observed, the officers were able to point to "specific and articulable facts which give rise to the inference that criminal activity is afoot." *State v. Valdez,* 277 Or 621, 626, 561 P2d 1006 (1977). We hold that, under the totality of the circumstances, the officers had a sufficient basis for the stop.

Affirmed.